# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1097V
Filed: December 28, 2017
UNPUBLISHED

| | |
|---|---|
| TAMARA CAIN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On September 1, 2016, Tamara Cain ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she sustained a shoulder injury related to vaccine administration ("SIRVA") from an influenza ("flu") vaccination she received on November 11, 2015. Petition at 1. On May 12, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 25.)

      On November 12, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 31.) Petitioner requests attorneys' fees in the amount of $24,746.50 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $3,237.60.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id* at 2. Thus, the total amount requested is $27,984.10.

On November 27, 2017, respondent filed a response to petitioner's motion.  (ECF No. 31.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On November 28, 2017, petitioner filed a reply.  (ECF No. 33.)  Petitioner stated that respondent did not challenge any specific time entries, nor object to any litigation expenses charged by counsel.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested rates.

In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary' based on his or her experience or judgment." *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011).  The fee applicant bears the burden of documenting hours that are reasonable and the special master is not obligated to evaluate a fees petition on a line-by-line basis. *Id.* at *3, 13.  Rather, particularly where billing entries are cryptic or inadequately described,[3] the Special Master may determine whether the claimed hours are reasonable based on her experience and the context of the Vaccine Program. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483-84 (1991). That is, special masters are permitted to use "a global – rather than line-by-line – approach to determine the reasonable number of hours expended." *Hocraffer*, 2011 WL 6292218, at *13.  In the undersigned's

---

[3] Attorneys are cautioned about such billing practices in the *Guidelines for Practice Under the National Vaccine Injury Compensation Program* (available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf). Section X, Chapter 3, explains the requirements of an application for fees and costs, including the instruction that "[c]ontemporaneous time records should indicate the date and specific character of the service performed." *Vaccine Guidelines*, p. 68.  Attorneys are further advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Id.*

experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours.[4]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $27,984.10[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Leah VaSahnja Durant.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] However, the undersigned notes that Ms. Durant billed a significant number of hours for review of the case file and medical records prior to filing the petition. The billing records include approximate 20.7 hours with descriptions that include tasks reviewing the claim or medical records. See, for example billing record of 03/04/2016 for 0.50 hours described as "Review client email. Review updated medical information. Respond to client legal questions. Draft update to client file." (ECF No. 31-1 at 3), and billing record of 06/12/2016 for 1.10 hours described as "Review client file. Review medical records to date. Contact client. Provide litigation update. Draft memorandum to client file." (ECF No. 31-1 at 4.) This is particularly surprising given that only 148 pages of medical records were submitted with the petition on September 1, 2016. This system of processing could result in some duplication of time and efforts. Petitioner's counsel is advised to review its system to ensure its efficiency.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

3